**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  06-cv-00441-REB-MEH

eSOFT, INC., a Delaware corporation

       Plaintiff,

v.

ASTARO CORPORATION., a Massachusetts corporation.,

       Defendant.

**ORDER GRANTING IN PART DEFENDANT ASTARO
CORPORATION'S MOTION TO DISMISS PURSUANT TO
FED.R.CIV.P. 12(B)(6) OR, IN THE ALTERNATIVE,
MOTION FOR A MORE DEFINITE STATEMENT**

**Blackburn, J.**

Before me is **Defendant Astaro Corporation's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) or, In The Alternative, Motion for a More Definite Statement** [#12], filed May 5, 2006.  I deny the motion to dismiss, but grant the motion for a more definite statement.

### I.  JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (suits involving patents).

### II.  STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations set forth in the complaint, if true, are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a).  I must accept all well-pleaded

allegations of the complaint as true. ***McDonald v. Kinder-Morgan, Inc.***, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." ***Fernandez-Montes v. Allied Pilots Association***, 987 F.2d 278, 284 (5th Cir. 1993); *see also **Ruiz v. McDonnell***, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), ***cert. denied***, 123 S.Ct. 1908 (2003). Thus, Rule 12(b)(6) requires dismissal if, taking all well-pleaded facts as true and construing them in the light most favorable to plaintiffs, it is clear that they can prove no set of facts entitling them to relief. *See **Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); ***Rocky Mountain Helicopters, Inc., v. Bell Helicopter Textron, Inc.***, 24 F.3d 125, 128 (10th Cir. 1994).

Even when a complaint survives scrutiny under these standards, a motion for a more definite statement under Rule 12(e) may be appropriate. *See **Agilent Technologies, Inc. v. Micromuse, Inc.***, 2004 WL 2346152 at *4 (S.D.N.Y. Oct. 19, 2004); ***Humpherys v. Nager***, 962 F.Supp. 347, 352-53 (E.D.N.Y. 1997). Rule 12(e) demands a more definite statement of the plaintiff's claims when the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." FED.R.CIV.P. 12(e). *See also* 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1376 at 311 (3rd. ed. 2004) (Rule 12(e) applies when the pleading is "so vague or ambiguous that the opposing party cannot respond to it, even with a simple denial as permitted by Rule 8(b), with a pleading that can be interposed in good faith or without prejudice to himself").

### III. ANALYSIS

It is clear that plaintiff's complaint, although skeletal, is sufficient to survive a motion to dismiss under the liberal pleading standards of the Federal Rules.  Plaintiff has identified the patent-in-suit, made a claim of ownership, alleges infringement, and identified the particular sections of the patent laws allegedly offended.  Such allegations are more than sufficient to survive a motion to dismiss under Rule 12(b)(6).  ***See Phonometrics, Inc. v. Hospitality Franchise Systems, Inc.***, 203 F.3d 790, 794 (Fed. Cir. 2000).

However, defendant is entitled to a more definite statement of plaintiff's claims.  The complaint fails to identify any particular product or service that allegedly infringes the patent-in-suit.  Defendant cannot realistically be expected to frame a responsive pleading without risk of prejudice in the absence of any indication as to which of its products are accused.  Plaintiff cannot foist the burden of discerning what products it believes infringe the patent onto defense counsel, regardless of their skill and expertise.[1]  Other federal courts have found relief under Rule 12(e) appropriate in similar circumstances.  ***See, e.g.***, ***eSoft, Inc. v. Blue Coat Systems, Inc.***, 1:06-cv-00442-EWN-PAC, Minute Order [#23] (D. Colo. May 31, 2006); ***Agilent Technologies, Inc.***, 2004 WL 2346152 at *5-6; ***Hewlett-Packard Co. v. Intergraph Corp.***, 2003 WL 23884794 at *1 (N.D. Cal. Sept. 6, 2003); ***In re Papst Licensing GmbH Patent Litigation***, 2001 WL 179926 at *2 (E.D. La. Feb. 22, 2001).

---

[1] Plaintiff maintains that defendant "misses the point to say it needs to learn which of its products infringe.  All of its products utilize, and infringe upon, the systems and methods of Patent '773." (Plf. Resp. Br. at 10-11.)  If this is indeed plaintiff's position, defendant is entitled to formal notice that such is the nature of plaintiff's accusations.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant Astaro Corporation's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) or, In The Alternative, Motion for a More Definite Statement** [#12], filed May 5, 2006, is **GRANTED IN PART** and **DENIED IN PART**;

2. That the motion is **GRANTED** with respect to defendant's request for a more definite statement pursuant to Fed.R.Civ.P. 12(e);

3. That plaintiff **SHALL FILE** an amended complaint describing which of defendant's products allegedly infringe the patent-in-suit by no later than close of business on **Monday, August 14, 2006**; and

4. That in all other respects, the motion is **DENIED**.

Dated July 31, 2006, at Denver, Colorado.

                                                **BY THE COURT:**

                                                **s/ Robert E. Blackburn**
                                                **Robert E. Blackburn**
                                                **United States District Judge**